

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable R. L. Crosier
County Attorney
Johnson County
Cleburne, Texas

Dear Sir:

Opinion No. O-4235
Re: Liability of surety for cost
of executing warrant of ar-
rest where accused is already
in jail. And related questions.

Your request for our opinion upon the above cap-
tioned questions has been received by this department.

We quote from your letter as follows:

"We have numerous cases arise here in this
county where persons are released on appearance
bonds and afterwards one of the sureties on his
bond asks to be relieved as surety and have the
accused re-arrested. Article 282 Code of Crimi-
nal Procedure and the statutes immediately fol-
lowing provide that an accused may be re-arrested
under such circumstances. Cases frequently arise
where a surety obtains a warrant after the accus-
ed is already in jail on a second charge, and
the sheriff goes ahead and serves the warrant as
provided in Article 285, C. C. P. Questions arise
as to what charges the sheriff may make against
the surety who has such warrant issued. I, there-
fore, submit the following questions:

"(1). Where the accused is already in jail
on a second offense, but nevertheless, the surety
has obtained a warrant to be served upon him, can
the sheriff charge the surety the costs of exe-
cuting this warrant where he is already in jail?

"(2). Where the accused, after his re-
arrest, makes bond again, can the sheriff charge
the surety the costs of approving a new bond

(since the statutes make the state liable only
for the approval of only one bond)?

"(3). Where an accused is already in jail
on a second offense, may the surety relieve him-
self of liability and force the defendant to make
a new bond by merely stating to the sheriff that
he surrenders the principal to the sheriff?

". . . ."

With reference to your first question, we have
been unable to find any statute which makes a surety liable
to the sheriff for the costs of executing a warrant of ar-
rest, except in cases where the principal has violated the
provisions of his bond by failing to appear before the Court
or magistrate named in the bond at the time stated therein.
(Art. 273, Code of Crim. Proc. as amended). Under the fact
situation related by you, the accused, or principal, has not
violated the conditions of his bond, and therefore the ex-
penses in re-arresting him is not chargeable to the surety.

Your second question likewise should be answered
in the negative. We have been unable to find any statute
which taxes the cost of approving a bond against the surety.

Turning now to your third question, Article 282,
Code of Criminal Procedure of Texas, provides:

"Those who have become bail for the accused,
or either of them, may at any time relieve them-
selves of their undertaking by surrendering the
accused into the custody of the sheriff in the
county where he is prosecuted."

The Court of Criminal Appeals of Texas, in the
case of Rachel vs. State, 277 S. W. 649, held that if the
surety tells the officer he surrenders principal while
principal is in jail, such is a surrender of principal.

In the Rachel case, supra, the principal was in-
dicted for unlawfully selling intoxicating liquor. While
out on bond he was indicted for the offense of perjury, and
confined in jail on this second charge. While so confined,
appellant, one of the sureties on his bond, stated to the

sheriff that he wanted to surrender his principal. Justice Baker, writing for the Court, held that the acts of the appellant as above set out constitute a surrender under Article 330, Code of Criminal Procedure, 1916, which is carried as Article 262 in the 1925 codification of the Code of Criminal Procedure.

We quote as follows from Justice Baker's opinion in the Rachel case:

". . . Boiled down to the last analysis, this case is before this court for a review upon the sole question of whether or not a surety on a bail bond can surrender his principal under the facts and circumstances above set out, and whether or not article 330, Vernon's C. C. P. 1916 is applicable to the issue raised in the instant case, which is as follows:

"'Those who have become bail for the accused, or either of them, may at any time relieve themselves of their undertaking by surrendering the accused into the custody of the sheriff in the county where he is prosecuted.'

". . . From the facts in this case and the decisions, supra, we are forced to the conclusion, if the undisputed evidence shows that the appellant's principal was then confined in jail, that in truth and in fact he went to the deputy and told the deputy that he then surrendered his principal, that such would in law be in effect a surrendering of the principal under our C. C. P. art. 330, and that it would not be necessary for him to do the unreasonable thing of going into jail with the sheriff and there going through an unnecessary formality as stated by the Supreme Court of Louisiana. . . ." Also see Patillo vs. State, 9 Crim. R. 456; Whitener vs. State, 38 Crim. R. 146, 41 S. W. 595.

Therefore, in answer to your third question, you are respectfully advised that where an accused is already in jail on a second offense, the surety on his bond for the first offense may relieve himself of liability by merely

stating to the sheriff that he, the surety, surrenders the principal to the sheriff.

Trusting that the above satisfactorily answers your questions, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By (s) D. Burle Daviss
Assistant

DBD:mp

APPROVED JAN 22, 1942
Grover Sellers
FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED
Opinion Committee
By B. W. B. Chairman